# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**NATHALIE THUY VAN,**

Plaintiff,

vs.

**UNITED STATES DEPARTMENT OF JUSTICE; DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; DISTRICT JUDGE LUCY KOH,**

Defendants.

CASE NO. 17-cv-04043-YGR

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 23

Plaintiff Natalie Thuy Van brings this suit against defendants United States Department of Justice (the "DOJ"), District Court for the Northern District of California (the "District Court"), and District Judge Lucy Koh ("Judge Koh") alleging violations of plaintiff's rights under (1) the Fourteenth and (2) Fifth Amendment; (3) 42 U.S.C. § 1983 against Judge Koh; (4) 42 U.S.C. § 1983 against the DOJ and District Court; and (5) 42 U.S.C. § 1981; as well as (6) civil conspiracy and collusion; (7) fraud and misrepresentation; (8) fraud by commission; (9) retaliation; (10) intentional infliction of emotion distress; (11) negligence infliction of emotional distress; and (12) negligent hiring, training, and supervision of an employee. Defendants move to dismiss all claims pursuant to Fed. R. Civ. Pro. 12(b)(6). (Dkt. No. 23, Motion.) Having carefully considered the pleadings and the arguments of the parties, the Court hereby **GRANTS** defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6).[1]

//

//

---

[1] Defendants also move to dismiss plaintiff's suit pursuant to Fed. R. Civ. Pro. 12(b)(1). The Court declines to address this issue in light of the Court's ruling and defendants' failure to offer any argument as to why this Court lacks subject-matter jurisdiction over plaintiff's claims.

## I. FACTUAL BACKGROUND

This suit arises from Van's prior action against Language Line Services, Inc. for unpaid wages (the "Language Line" action). (Dkt. No. 1, Complaint ¶¶ 15-18.) Van initially filed the Language Line action in state court. *See Van v. Language Line Services, Inc.,* 14-cv-03791-LHK (N.D. Cal. 2014), Dkt. No. 10-2 at 5. Three state court judges presided over the Language Line action, and Van filed complaints against the first two alleging improper *ex parte* communications. *Id*., Dkt. No. 61 at 2-5.[2] After assignment, and with orders pending, Van voluntarily dismissed the case before refiling it in federal court. *Id.* Judge Koh presided over the Language Line action through trial.

In the instant case, Van alleges several instances of improper conduct surrounding the Language Line action, namely Judge Koh's alleged decisions to (1) deny plaintiff's motions for disqualification of Judge Koh, (2) prevent Van from discussing the court's prior ruling on objections to a witness subpoena during Van's closing argument, (3) issue allegedly erroneous jury instructions regarding damages and the statute of limitations under the Fair Labor Standards Act, (4) enter two different verdict forms on the docket the day before the jury reached its verdict, (5) enter judgment in Van's favor which was less than the amount Van claimed in damages, (6) delay entering trial documents until six days after the trial had concluded, (7) deny Van's motion for attorneys' fees, (8) fraudulently modify documents, (9) permit her clerk to engage in *ex parte* communications with defense counsel, and (10) engage in *ex parte* communications with defense counsel regarding trial exhibits, and (11) allow a Deputy United States Marshal to serve on the jury. (Complaint ¶¶ 23, 25, 27-29, 31, 32, 34, 41, 49, 52.)

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d

---

[2] Both complaints were dismissed as "nothing more than speculation and conjecture." *Id*.

1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**III.** **DISCUSSION**

    **A.** **Judicial Immunity**

"Judges are absolutely immune from civil liability for their judicial acts." *Adams v. Committee on Judicial Conduct & Disability*, 165 F.Supp.3d 911, 921-922 (N.D. Cal. 2016); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curium*). The doctrine of judicial immunity supports "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). When acting in their judicial capacity, judges are immune from suit except when their conduct is "in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 12. Both the Supreme Court and Ninth Circuit have described this immunity as "absolute." *Mullis v. United States Bankr. Court,* 828 F.2d 1385, 1388 (9th Cir. 1987); *Moore*, 96 F.3d at 1243; *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Allegations that a judge acted outside the judge's judicial capacity are insufficient to survive a motion to dismiss. *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986).

Here, plaintiff's allegations against Judge Koh are based on Judge Koh's evidentiary rulings, *voir dire*, jury instructions, denial of Van's motion for attorneys' fees, and maintenance of the case file docket, and on alleged third-party communications with defense counsel in the Language Line action. The Court finds that these allegations arise from judicial acts and that plaintiff's claims against Judge Koh are thus barred under the doctrine of judicial immunity. *See*

3

*Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (*ex parte* communications are judicial acts); *Mullis*, 828 F.2d 1390 (9th Cir. 1998) (maintenance of case file is a judicial act subject to absolute immunity); *Adams*, 165 F.Supp.3d at 924 (same).

Van argues that judicial immunity does not apply here because Judge Koh was subject to automatic disqualification. Specifically, Van relies on *Liteky v. United States*, 113 S.Ct. 1147 (1994), which held that "[d]isqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." *Id.* at 1162 (Kennedy, J., concurring). Here, plaintiff asserts that Van orally requested that Judge Koh recuse herself from the Language Line action and then filed a motion for disqualification. Judge Koh denied the motion and declined to recuse herself on the ground that "the Court [held] no biases or prejudices in [that] case." *Language Line,* Dkt. No. 354. Further, Van avers that "Van believed that District Judge Ko[h] had a bias or prejudice against her and that Van did not receive justice." (Dkt. No. 27, Opposition at 10.)

Plaintiff does not persuade. Other than referencing case-specific actions plaintiff has provided no factual support for her allegation that "District Judge Koh had a bias or prejudice against her and that Van did not receive justice." Thus, the allegations are insufficient to raise a plausible inference that "an objective observer would entertain reasonable questions about the judge's impartiality" or that Judge Koh's "attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely." *Liteky,* 113 S.Ct. at 1162. As the Ninth Circuit held in *Lonneker*, conclusory allegations "that a judge acted outside the judge's judicial capacity are insufficient to survive a motion to dismiss." *Lonneker.* 804 F.2d at 1097.

Accordingly, defendants' motion to dismiss with regard to Judge Koh is **GRANTED** on the ground that Van's suit is barred under the doctrine of judicial immunity.[3]

---

[3] Van further argues that Judge Koh lacked jurisdiction over the Language Line action because Judge Koh "engaged in treason to the Constitution." (Opposition at 11.) This argument does not persuade in light of Van's failure to allege conduct which supports a plausible inference that Judge Koh engaged in "treason to the Constitution." Further, and as noted, Van's allegations regarding "fraud and criminal acts" all arise from judicial acts and are thus barred under the doctrine of judicial immunity.

4

**B. Sovereign Immunity**

"As a sovereign, the United States is immune from suit unless it waives such immunity." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). "Similarly, suits against officials of the United States . . . in their official capacity are barred if there has been no waiver." *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "[W]aivers must be 'unequivocally expressed in the statutory text' and 'are to be strictly construed, in terms of its scope, in favor of the sovereign." *Jordan v. The Presidio Trust*, 2017 WL 396169, at *3 (N.D. Cal. 2017) (quoting *Dep't of the Army v. Blue Fox*, 525 U.S. 255, 261 (1999)). The party seeking waiver bears the burden of meeting this "high standard." *Id.* (quoting *Hajro v. U.S. Citizenship and Immigration Servs.*, 811 F.3d 1086, 1101 (9th Cir. 2016).

Here, plaintiff alleges claims against the DOJ and District Court under 42 U.S.C. §§ 1981, 1983; as well as for civil conspiracy and collusion; fraud and misrepresentation; fraud by commission; retaliation; intentional infliction of emotion distress; negligence infliction of emotional distress; and negligent hiring, training, and supervision of an employee. However, plaintiff fails to allege any facts which support a plausible inference that the DOJ or District Court waived sovereign immunity with regard to such claims. *See Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015).

Accordingly, defendants' motion to dismiss with regard to the District Court and DOJ is **GRANTED** on the ground that Van's suit is barred under the doctrine of sovereign immunity.

**C. Exhaustion of Remedies**

The Court finds that Van's claims against the District Court and DOJ fail for the additional reason that Van has not alleged sufficient facts to show that she exhausted administrative remedies prior to filing suit as required by the Federal Tort Claims Act (the "FTCA"). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *United States v. McNeil*, 508 U.S. 106, 113 (1993).

5

The exhaustion rule is "jurisdictional in nature and may not be waived." *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986). Pursuant to 28 U.S.C. § 2675,

> An action shall not be instituted against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

A "claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)). "The requirement that the claim state a specific dollar sum is jurisdictional and cannot be waived." *Singh v. United States*, 2017 WL 635476, at *3 (N.D. Cal. 2017) (quoting *Jacobson v. U.S. ex rel. U.S. Postal Serv.*, 276 F. Supp. 2d 1106, 1108 (D. Nev. 2003) (citing *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986))).

Here, plaintiff fails to show that she exhausted administrative remedies prior to filing suit. Plaintiff identifies three instances which she claims are sufficient for the purposes of exhausting remedies under FTCA. First, Van "spoke with a Federal Bureau of Investigations Agent" on October 30, 2016.[4] (Opposition, Declaration of Natalie Thuy Van ("Van Decl.") ¶ 8.) Second, she "sent a correspondence to the Federal Bureau of Investigation in Washington, D.C. and in San Francisco" on February 28, 2017. (*Id.* ¶ 12; Ex. 8.) Third, Van she sent a letter to the DOJ in Washington, D.C. on April 3, 2017. (*Id.* ¶ 1; Ex. 6.)

Plaintiff's argument fails. First, Van's testimony which indicates that she "spoke with" either U.S. Marshal Supervisor Mark Harrell or an FBI agent is insufficient to raise a plausible

---

[4] The Court notes that Van's testimony is inconsistent with her Opposition brief which asserts that Van spoke with "U.S. Department of Justice, U.S. Marshal Supervisor, Mark Harrell, in the District Court of San Jose" on September 30, 2016. In any event, plaintiff's September 30, 2016, conversation would not be sufficient to satisfy the exhaustion requirement of the TFCA regardless of whether she spoke with a U.S. Marshal or FBI agent because the FTCA requires a "written statement."

6

inference that Van presented her claim to the appropriate Federal agency because § 2675 requires a "written statement." *Blair*, 304 F.3d at 864. Further, plaintiff fails to show that Mark Harrell or the unnamed FBI agent represented the "appropriate federal agency" to which Van was required to present her claim.

Second, Van's February 28, 2017, letter to the FBI fails to satisfy the exhaustion requirement because § 2675 requires either a (i) final denial by the federal agency, or (ii) "failure of an agency to make final disposition of a claim within six months after it is filed." Here, Van filed the instant action on July 18, 2017, which is less than five months after she mailed the letter to the FBI on February 28, 2017. The Court further notes that plaintiff has redacted almost the entire text of that letter. (*Id.* ¶ 12; Ex. 8.) As a result of these redactions, the Court is unable to determine whether Van's February 28, 2017, letter sufficiently describes her "the injury to enable the agency to begin its own investigation" and states a "specific dollar sum." *See Blair*, 304 F.3d at 864 (quoting *Warren*, 724 F.2d at 780); *Singh*, 162017 WL 635476, at *3.

Third, the letter which Van sent to the DOJ on April 3, 2017, is insufficient because Van filed suit approximately three months after sending that letter. *See* 28 U.S.C. § 2675 (prohibiting plaintiff from filing suit until plaintiff's claim is "finally denied by the agency in writing" or the agency fails to "make final disposition of a claim *within six months* after it is filed" (emphasis supplied).)

Accordingly, defendants' motion to dismiss with regard to the District Court and DOJ is **GRANTED** on the additional ground that Van's suit is barred under the FTCA for failure to exhaust administrative remedies. Van's claims against the DOJ and District Court are **DISMISSED**.[5]

**IV. CONCLUSION**

For the reasons discussed above, defendants' motion to dismiss is **GRANTED**.[6] At the

---

[5] The Court notes that although plaintiff does not argue that her lawsuit against the District Court and DOJ may proceed under *Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388 (1971), such an argument would fail because "absent a waiver of sovereign immunity, an individual may not maintain a *Bivens* action for monetary damages against the United States." *Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987).

[6] Van's request for disqualification is denied on the ground that a picture which shows all

7

hearing held on January 22, 2018, Van requested leave to amend. However, at oral argument plaintiff stated that she named the DOJ as a defendant because she believed that Judge Koh had acted under the authority of the DOJ. Plaintiff is not correct. Federal district judges act under the authority of a separate branch of government, namely the judiciary. Plaintiff also stated at the hearing that her claims against the District Court arise from the same conduct which plaintiff alleges against Judge Koh. As noted, this alleged conduct constitutes "judicial acts" and is therefore subject to judicial immunity. Further, the Court provided Van with an opportunity to identify any other factual basis which she could allege. She could not. For the reason, plaintiff Van's Complaint is **DISMISSED WITH PREJUDICE.**

This terminates Dkt. No. 23.

This Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 26, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

judges in the Northern District of California does not constitute a basis for disqualification.

8